Margaret A. Coulter (CA Bar No. 304708)
Lauren A. Parker (D.C. Bar No. 1670885)
*Pro hac vice admission pending*
Jason C. Rylander (D.C. Bar No. 474995)
*Pro hac vice admission pending*
CENTER FOR BIOLOGICAL DIVERSITY
1411 K Street N.W., Suite 1300
Washington, D.C. 20005
Telephone: (202) 961-4820

*Attorneys for Plaintiff Center for Biological Diversity*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY<br><br>Plaintiff,<br><br>v.<br><br>DEB HAALAND, Secretary of the Interior, *in her official capacity*; and<br><br>MARTHA WILLIAMS, Director, U.S. Fish & Wildlife Service, *in her official capacity*,<br><br>Defendants. | No. _____<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1. Plaintiff Center for Biological Diversity ("Center") brings this case challenging the U.S. Fish and Wildlife Service's ("Service") failure to determine whether the Temblor legless lizard (*Anniella alexanderae*) warranted protection as endangered or threatened, in violation of the Endangered Species Act's ("ESA" or "Act") nondiscretionary, congressionally mandated deadlines. 16 U.S.C. § 1533(b)(3). The Service's failure delays crucial, lifesaving protections for these imperiled lizards, increasing their risk of extinction.

2. The Temblor legless lizard is a rare, sand-swimming lizard endemic to the southwestern San Joaquin Valley in central California. It is found nowhere else on Earth. The

1

Temblor legless lizard is a microhabitat specialist that needs specific moisture levels and loose, sandy soil in its habitat to survive. Due to widespread oil and gas development in its native habitat, the Temblor legless lizard is now restricted to a few fragmented habitat patches within an exceedingly narrow range less than 125 miles long on the east side of the Temblor Mountains. The Temblor legless lizard (pictured below) is at risk of extinction due to multiple significant threats, particularly oil and gas drilling operations and climate change.

*Temblor legless lizard. Photo by Alex Krohn*

3.  The Center submitted a petition (attached hereto as Exhibit A) to the Service on October 20, 2020, to list this species as "endangered" or "threatened" under the ESA. Defendants' failure to comply with their nondiscretionary duties to complete review of the petition deprives the Center of a timely determination on its petition and the Temblor legless lizard of the statutory protections that are necessary for its survival and recovery.

4.  The Center brings this lawsuit for declaratory and injunctive relief, seeking an Order declaring that the Service is in violation of the ESA by failing to make the required 12-month finding on the Center's petition to list the Temblor legless lizard and directing the Service to publish its overdue 12-month listing determination by a date certain.

**JURISDICTION AND VENUE**

5.  This Court has jurisdiction over this action pursuant to 16 U.S.C. §§ 1540(c), (g) (ESA citizen suit provision) and 28 U.S.C. § 1331 (federal question). This Court has authority to

issue declaratory and injunctive relief pursuant to 16 U.S.C. § 1540(g) (ESA); U.S.C. §§ 2201-2202 (Declaratory Judgment Act); and 5 U.S.C. § 706 (Administrative Procedure Act, "APA").

6.     Plaintiff provided Defendants with 60 days' notice (attached hereto as Exhibit B) of the ESA violation, as required by 16 U.S.C. § 1540(g)(2)(A), by a letter to the Service dated November 17, 2021 (received November 22, 2021). Defendants have not remedied the violations set out in the notice and an actual controversy exits between the parties within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) because the lizard's habitat is in this district, and a substantial part of the violations of law by Defendants occurred in this district.

**PARTIES**

8.     Plaintiff CENTER FOR BIOLOGICAL DIVERSITY is a national, non-profit conservation organization that works through science, law, and policy to protect imperiled wildlife and their habitat. The Center is incorporated in California and headquartered in Tucson, Arizona, with offices throughout the United States, including Washington, D.C. The Center has approximately 18,765 members in California, including in areas where the historic and existing remaining habitats of the Temblor legless lizard are found.

9.     The Center and its members have deep and long-standing interests in the preservation and recovery of imperiled species, including the Temblor legless lizard and its habitat, and in the full and effective implementation of the ESA. The Center's members include individuals with scientific, professional, educational, recreational, aesthetic, moral, and spiritual interests in the Temblor legless lizard, and who visit and appreciate the habitat of the species for a broad range of reasons. Plaintiff's interests in protecting and recovering this species are directly harmed by the Service's failure to issue timely findings on their petition to list the lizard.

10.    The Center's members include individuals who regularly visit areas that are occupied or were formerly occupied by the Temblor legless lizard, and who seek to observe or study the lizard in their natural habitat. Plaintiff's members derive recreational, spiritual, professional, scientific, educational, and aesthetic benefit from these activities, and intend to

continue to use and enjoy these areas in the future.

11. For example, in the past few years, Center member Dr. Shaye Wolf, Climate Science Director for the Center's Climate Law Institute, has visited potential habitat areas and conducted research to protect the Temblor legless lizard and its habitat. She was the lead author of the California ESA listing petition for the Temblor legless lizard, helped draft Plaintiff's federal ESA petition, and has worked on challenges to drilling projects in California that threaten the species. Dr. Wolf has concrete plans to search for the Temblor legless lizard in spring of 2022 in Fresno County with U.C. Berkeley and Bureau of Land Management biologists who are conducting population surveys for the lizard. She cares deeply about the conservation of this unique species in the wild because she derives scientific, educational, esthetic, moral, spiritual, and conservation benefits from observing the species. Ongoing threats from rampant oil and gas development and the threats of the escalating climate crisis on the future existence of this lizard and its habitat harm her interests in preserving the species and the ecological integrity of its habitat.

12. Defendants' violation of the ESA's nondiscretionary mandatory deadlines has delayed the implementation of statutory ESA protections for the Temblor legless lizard and its habitat, making the conservation of this species more difficult. These injuries are actual, concrete injuries that are presently suffered by the Center's members, are directly caused by Defendants' acts and omissions, and will continue unless the Court grants relief. The relief sought by Plaintiffs would redress these injuries. The Center and its members have no other adequate remedy at law.

13. Defendant DEB HAALAND is the Secretary of the U.S. Department of the Interior and has the ultimate responsibility to administer and implement the provisions of the ESA. The Secretary of the Interior has delegated administration of the ESA to the U.S. Fish and Wildlife Service. 50 C.F.R. § 402.01(b). Defendant Haaland is sued in her official capacity.

14. Defendant MARTHA WILLIAMS is the Director of the U.S. Fish and Wildlife Service, the agency within the Department of the Interior charged with implementing the ESA for the species at issue in this suit. Defendant Williams is charged with ensuring that agency decisions comply with the ESA and is sued in her official capacity.

# STATUTORY FRAMEWORK

**The Endangered Species Act**

15. The Endangered Species Act, 16 U.S.C. §§ 1531–1544, is "the most comprehensive legislation for the preservation of endangered species ever enacted by any nation." *TVA v. Hill*, 437 U.S. 153, 180 (1978). Its fundamental purposes are "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved . . . [and] to provide a program for the conservation of such endangered species and threatened species." 16 U.S.C. § 1531(b).

16. The ESA provides a suite of substantive and procedural legal protections that apply to species once they are listed as endangered or threatened. *Id.* § 1533.

17. For example, section 4(a)(3) of the Act requires the Service to designate "critical habitat" for each endangered and threatened species. *Id.* § 1533(a)(3). In addition, ESA section 7(a)(2) requires all federal agencies to "insure" that their actions do not "jeopardize the continued existence" of any endangered or threatened species or "result in the destruction or adverse modification" of any listed species' "critical habitat." *Id.* § 1536(a)(2).

18. Further, ESA section 9 prohibits, among other actions, "any person" from causing the "take" of any protected fish or wildlife without lawful authorization from the Service. Id. §§ 1538(a)(1)(B), 1539; see also id. § 1532(19) (defining "take"). Other provisions require the Service to "develop and implement" recovery plans for listed species, id. § 1533(f); authorize the Service to acquire land for the protection of listed species, id. § 1534; and authorize the Service to make federal funds available to states to assist in the conservation of endangered and threatened species, id. § 1535(d).

19. The ESA defines a "species" as "any subspecies of fish or wildlife or plants, and any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature." *Id.* § 1532(16). A species is "endangered" when it "is in danger of extinction throughout all or a significant portion of its range." *Id.* § 1532(6). A species is "threatened" when it is "likely to become an endangered species within the foreseeable future throughout all or a significant portion of its range." *Id.* § 1532(20).

20. The ESA requires the Service to determine whether any species is endangered or threatened because of any of the following factors: (A) the present or threatened destruction, modification, or curtailment of its habitat or range; (B) overutilization for commercial, recreational, scientific, or educational purposes; (C) disease or predation; (D) the inadequacy of existing regulatory mechanisms; or (E) other natural or manmade factors affecting its continued existence. *Id.* § 1533(a)(1).

21. To ensure the timely protection of species at risk of extinction, Congress set forth a detailed process whereby citizens may petition the Service to list a species as endangered or threatened. *Id.* § 1533(b)(3) In response to such a petition, the Service must publish a series of three decisions according to statutory deadlines. First, within 90 days of receipt of a listing petition, the Service must, "to the maximum extent practicable," publish an initial finding as to whether the petition "presents substantial scientific or commercial information indicating that the petitioned action may be warranted." *Id.* § 1533(b)(3)(A). This is known as the "90-day finding." If the Service determines in the 90-day finding that the petition does not present substantial information indicating that listing may be warranted, the petition is rejected, and the process concludes.

22. If, however, as in this case, the Service determines that a petition does present substantial information indicating that listing "may be warranted," the agency must publish that determination in its 90-day finding and proceed with a scientific review of the species' status, known as a "status review." *Id*.

23. Upon completing the status review, and within 12 months of receiving the petition, the ESA requires that the Service must publish a "12-month finding" with one of three listing determinations: (1) listing is "warranted"; (2) listing is "not warranted"; or (3) listing is "warranted but precluded" by other proposals for listing species, provided certain circumstances are met. *Id.* § 1533(b)(3)(B). This is known as a listing determination.

24. If the Service determines that listing is "warranted," the agency must publish that finding in the Federal Register along with the text of a proposed regulation to list the species as endangered or threatened and must take public comments on the proposed listing rule. *Id.* §

1533(b)(3)(B)(ii).

25. Within one year of publication of the proposed listing rule, the Service must publish in the Federal Register the final rule implementing its determination to list the species. *Id.* § 1533(b)(6)(A). This is known as a "final listing rule."

26. If the Service finds that there is substantial disagreement regarding the sufficiency or accuracy of the available data relevant to a listing determination, the Service may extend this one-year period by six months to solicit additional data. *Id.* § 1533(b)(6)(B)(i). However, before the expiration of that six-month extension, the Service must publish either a final regulation or a notice of withdrawal. *Id. §* 1533(b)(6)(B)(ii)-(iii).

## FACTUAL BACKGROUND

**Temblor Legless Lizard**

27. The Temblor legless lizard is a sand-swimming lizard endemic to a small portion of the southwestern San Joaquin Valley in central California. The lizard's preferred habitat is alkali desert scrub with warm, loose, sandy soil with leaf litter for burrowing, hunting, resting, mating, and development of all its life stages. If the soil is too dry, the lizard's recently shed skin could stick to the new skin posing issues with feeding that can lead to starvation. If the soil has too much clay or adobe, the lizard cannot penetrate the soil deep enough for survival and clay could plug their nostrils resulting in death. Due to its ecological requirements for high sand friction for burrowing and specific moisture levels, the lizard is considered a microhabitat specialist. Extensive soil disturbance resulting from oil and gas development and urban development have rendered much of its historical habitat no longer suitable causing localized population extinctions.

28. The Temblor legless lizard is restricted to an exceedingly small range along the eastern side of the Temblor Mountains estimated at only 1,720 square kilometers. A large majority of its habitat within this range has already been degraded or destroyed by human impacts, namely, development. It is currently found in just four locations on Earth: three of the four are on private lands and three are also within oil field boundaries.

29. The lizard's habitat in two of the privately owned locations consists of fragmented patches within the Midway-Sunset and McKittrick oil fields. Midway-Sunset is the largest oil field in Kern County, with heavy drilling activity, totaling more than 25,000 active and idle wells.

30. A third patch of lizard habitat exists in a privately-owned 5-acre parcel on the Palo Prieto Conservation Bank in the foothills of the Temblor Mountain Range.

31. The only other location where the lizard has been detected is the protected Pleasant Valley Ecological Reserve, which is surrounded by the Pleasant Valley oil field and adjacent to the Coalinga and Guijarral Hills oil fields.

32. Thus, the Temblor legless lizard is immediately threatened by the destruction of its habitat due to operations conducted for oil and gas development. The construction of oil and gas facilities causes soil compaction, changes in soil moisture levels, and removal of plant cover and the leaf-litter layer which, as previously stated, make it increasingly difficult for this species to survive.  Oil spills, wastewater spills, and the release of chemicals caused by facilities' continued operation adversely affect habitat suitability by contaminating habitat and altering soil moisture levels. Furthermore, this species is highly sensitive to noise and light generated by oil and gas drilling operations that negatively affect their ability to hunt.

33. Other threats to the Temblor legless lizard include climate change, wildfires, invasive species, and habitat loss from urban development and the construction of large-scale solar projects.

**Listing Petition and Response**

34. On October 20, 2020, the Center petitioned the Service to list the Temblor legless lizard as threatened or endangered under the ESA.

35. On June 17, 2021, the Service issued a positive 90-day finding that the petition to list the Temblor legless lizard presented "substantial scientific or commercial information indicating" that listing the Temblor legless lizard may be warranted "due to potential threats associated with…[o]il and gas development, urbanization, habitat fragmentation, and industrial solar projects…and climate change and wildfires." 86 Fed. Reg. 32,241, 32,242 (June 17, 2021).

36. Although Defendants issued a 90-day finding for this species, they had a

mandatory duty to publish their 12-month finding for the Temblor legless lizard by October 20, 2021. Defendants have not done so.

37. Until Defendants publish the legally required 12-month listing determination and final listing rules, the Temblor legless lizard will face ongoing threats to its existence and continued degradation of its habitat caused by Defendants' failure to provide necessary protections under the Act.

## CLAIM FOR RELIEF

**Violation of the ESA for Failure to Publish a Timely 12-Month Listing Determination for the Temblor Legless Lizard**

38. Plaintiff re-alleges and incorporates all allegations set forth in the preceding paragraphs.

39. Where the Service finds that listing of a species "may be warranted," the ESA requires the Service to publish a "12-month finding" with a listing determination within one year of receiving a listing petition. After finding that listing "may be warranted" for the Temblor legless lizard, Defendants failed to perform their nondiscretionary duty to publish a timely 12-month listing determination on Plaintiff's petition to list the Temblor legless lizard as endangered or threatened, in violation of the ESA. 16 U.S.C. § 1533(b)(3)(B).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment providing the following relief:

1. Declare that Defendants have violated the ESA by failing to issue a timely 12-month listing determination in response to the petition to list the Temblor legless lizard;

2. Provide injunctive relief compelling Defendants to publish in the Federal Register a 12-month listing determination on the petition to list the Temblor legless lizard by a date certain;

3. Retain continuing jurisdiction to review Defendants' compliance with all judgments and orders herein;

4. Grant Plaintiff its reasonable attorneys' fees and costs as provided by the ESA, 16 U.S.C. § 1540(g)(4); and

5. Provide such other relief as the Court deems just and proper.

Respectfully submitted and dated this twenty-third day of March 2022.

/s/ Margaret A. Coulter
Margaret A. Coulter (CA Bar No. 304708)
Email: mcoulter@biologicaldiversity.org
Lauren A. Parker (D.C. Bar No. 1670885)
Email: lparker@biologicaldiversity.org
*Pro hac vice admission pending*
Jason C. Rylander (D.C. Bar No. 474995)
Email: jrylander@biologicaldiversity.org
*Pro hac vice admission pending*

CENTER FOR BIOLOGICAL DIVERSITY
1411 K Street N.W., Suite 1300
Washington, D.C. 20005
Telephone: (202) 961-4820

*Attorneys for Plaintiff Center for Biological Diversity*